Tristan P. Espinosa, Esq. (CA Bar No. 312481)
*REESE LAW GROUP*
3168 Lionshead Ave
Carlsbad, CA 92010
Tel. No.: 760/842-5850
California Debt Collection Lic. No.: 10303-99
291061

Attorney for Plaintiff:
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY , <br><br> Plaintiff, <br> v. <br> JOHN DOE , <br><br> UNITED STATES OF AMERICA , <br><br><br> Defendant(s). | Case No. <br><br><br><br> **COMPLAINT FOR PROPERTY DAMAGES** <br><br><br> Amount Demanded: $6,026.69 |

1.   Plaintiff STATE FARM MUTUAL AUTOMOBILE INSRUANCE COMPANY, alleges the following:

I.

JURISDICTION, VENUE, AND CONDIITONS PRECEDENT

2.   Plaintiff is an insurance company pursuing subrogation for an automobile accident involving its insured vehicle owned by KRISTINA CRANE-RAUTER, (collectively "the insured") seeking property damages for damages to the insured vehicle form an automobile accident with driver, JOHN DOE, who, at the time of the accident was employed by, and acting within the course and scope of, their employment with the United States of America through the UNITED STATES POSTAL SERVICE. the accident took place on or about December 24, 2022, at YOLANDA ST NEAR AMELIA

ST, LAGUNA HILLS, CA 92656. Driver JOHN DOE was operating and in control of a UNITED STATES POSTAL SERVICE delivery vehicle and caused an accident. The Defendant is the UNITED STATES OF AMERICA. Plaintiff seeks to recover its damages from Defendants, JOHN DOE and UNITED STATES OF AMERICA.

3. The claim is brought under the Federal Tort Claims Act (28 U.S.C. § 2675, et seq.) for the money damages as compensation for loss and/or damage to property that were caused by the negligent and wrongful acts and omissions of employees of the UNITED STATES GOVERNMENT while acting within the scope of their offices and employment, under circumstances where the UNITED STATES, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of California.

4. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in Orange County, California in the Central District of California.

5. Plaintiffs have fully complies with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

6. This suit has been timely filed, in that Plaintiffs timely served notice of their claims on upon the appropriate federal entity. The administrative claim submitted by the plaintiff has been rejected by operation of law.

FACTUAL ALLEGATIONS

7. Plaintiff incorporates the preceding paragraph into this section of the complaint.

8. On or about December 24, 2022, on or near YOLANDA ST NEAR AMELIA ST, LAGUNA HILLS, CA 92656, the Defendant, through its employee, JOHN DOE, an employee of the UNITED STATES OF AMERICA through the UNITED STATES POSTAL SERVICE acting within the course ad scope if their employment with defendant, drove inattentively and caused the insured to incur monetary damages. Specifically, at said time and place, said employee negligently operated a motor vehicle, legally, foreseeably and proximately causing the insured to suffer damages in the amount of $6,026.69.

///

///

COUNT I

SUBROGATION BASED UPON

MOTOR VEHICLE NEGLIGENCE

9. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

10. At all relevant times, KRISTINA CRANE-RAUTER ("insured") had a policy of insurance with Plaintiff covering the damages which are the subject of this action. As required by both the policy and Plaintiff's duty of good faith and fair dealing with its insured, Plaintiff investigated the loss, determined it was covered and paid the claim. The total amount of property damages incurred as a result of the accident was $6,026.69. The payments made on this claim were not voluntary in that they were required to be made under the terms of the insurance policy. Equity dictates that ultimately, Defendant, whose equitable position is inferior to that of the plaintiff, pay for this loss. Accordingly, plaintiff now seeks, and is entitled to recover, the amount of its payments- plus any amounts its insured has or will assign to plaintiff that were not covered or paid-from Defendant, the UNITED STATES OF AMERICA and JOHN DOE, the party responsible for causing the loss and/or which is otherwise liable for the loss. Plaintiff now seeks subrogation plus any assigned property damage claims from the insured, against Defendants, the parties responsible for causing the loss or who are otherwise liable. [Rossmoor Sanitation, Inc. v. Pylon, Inc. (1975) 13 C3d 622, 633].

11. Accordingly, Plaintiff is entitled to recover $6,026.69.

12. Justice requires that the loss should be entirely shifted from the Plaintiff to the party to be charged, whose equitable position is inferior to that of Plaintiff.

///

///

///

///

///

///

///

///

COMPLAINT                                                                                                           Case No.

3

## PRAYER

13. Plaintiff prays for:

    a. Damages in the amount of $6,026.69.

    b. Pre-judgment interest.

    c. Costs of suit.

    d. Any other relief the Court deems appropriate.

Date: March 7, 2024

_____
Tristan P. Espinosa, Esq.,
Attorney for Plaintiff,
STATE FARM MUTUAL AUTOMOBILE COMPANY

COMPLAINT                                                                                           Case No.

4